UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN PHILLIPS,

        Petitioner,

                                                                              CASE NO. 2:15-CV-10893
v.                                                            HONORABLE PAUL D. BORMAN

MICHAEL BOUCHARD,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.   Introduction**

Oakland County Jail inmate Justin Phillips ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He appears to challenge a probation revocation and his current confinement at the Oakland County Jail.  Petitioner's probation was revoked on January 8, 2015 and he was sentenced to serve 234 days in jail with credit for time served.  *See* Docket, Oakland Co. Cir. Ct. No. 2011-239008-FH, https://courtexplorer.g2cloud.com/oaklandcounty/SearchCases/ViewAction?CaseNo= 2011-239008-FH.  For the reasons stated herein, the Court dismisses without prejudice the petition for a writ of habeas corpus.  The Court also denies a certificate of

appealability and denies leave to proceed in forma pauperis on appeal.[1]

## II. Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be raised in the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F.

---

[1]To the extent that Petitioner also seeks to challenge an unrelated arrest by Romulus Police and/or unrelated stalking charges in this case, he cannot do so. Rather, he must file a separate habeas petition concerning those matters. *See* Rule 2(e), Rules Governing Section 2254 Cases ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court"); *Sutton v. Romanowski*, No. 13-14789, 2015 WL 144671, n. 1 (E.D. Mich. Jan. 12, 2015). The Court shall not address any such claims in this case.

Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden. He fails to indicate that he has fully pursued his habeas claims in the state courts on direct appeal or collateral review. Moreover, the state trial court record indicates that he has a motion for relief from judgment pending in the state trial court concerning the probation revocation at issue in this case. *See* Docket, *supra*. Petitioner must complete the state court process before seeking habeas relief in federal court. *Witzke v. Bell*, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007); *Harris v. Prelisnik*, No. 06-CV-15472, 2006 WL 3759945 (E.D. Mich. Dec. 20, 2006). Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's claims before he can present them in federal court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

Even if Petitioner's pending motion does not concern his current claims, that proceeding may result in some form of relief thereby mooting the federal questions presented. *See Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008) (citing *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir.1983), and *Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998)); *Szymanski v. Martin*,

99-CV-76196-DT, 2000 WL 654916 (E.D. Mich. April 13, 2000). Non-prejudicial dismissal of the habeas petition is warranted under such circumstances.

A federal court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present the unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277. Petitioner does not request a stay nor indicate that his circumstances justify a stay.

Moreover, a stay is unwarranted. First, all of Petitioner's habeas claims are unexhausted. The Court cannot ordinarily stay a petition containing only unexhausted claims. In such a case, a non-prejudicial dismissal of the petition is appropriate. *See Hines v. Romanowski*, No. 2:14-CV-13983, 2014 WL 5420135, *2 (E.D. Mich. Oct. 22, 2014) (dismissing case where all claims were unexhausted); *Wilson v. Warren*, No. 06-CV-15508, 2007 WL 37756, *2 (E.D. Mich. Jan.4, 2007) ("a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because all of petitioner's claims are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court"); *accord Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (*Rhines* stay and abeyance rule does not apply to a petition alleging

only unexhausted claims); *United States v. Hickman*, 191 F. App'x 756, 757 (10th Cir. 2006) ("[t]raditionally, when a petition contains entirely unexhausted state claims, the petition would be dismissed without prejudice...."); *McDonald v. Bell*, No. 1:06-cv-406, 2009 WL 1525970 (W.D. Mich. June 1, 2009) (concluding that the stay and abeyance procedure does not apply to a petition containing only unexhausted claims); *Mimms v. Russell*, No. 1:08-cv-79, 2009 WL 890509 (S.D. Ohio March 31, 2009) (habeas petition subject to dismissal where petitioner did not exhaust state court remedies on any of his habeas claims); *Murphy v. Feneis*, No. 07-153, 2007 WL 2320540, *7 (D. Minn. Aug.10, 2007) ("Given the narrow issue before the Supreme Court regarding mixed petitions, this Court refuses to extend *Rhines* to allow a court to stay a habeas petition, so that a petitioner can exhaust his state remedies, where, as here, the petition contains only unexhausted claims.").

Second, as discussed *supra*, Petitioner has a motion for relief from judgment pending in state court concerning his probation revocation. Dismissal of the petition, rather than a stay of the proceedings, is warranted under such circumstances. *See Payne v. MacLaren*, No. 14-CV-11427, 2014 WL 6688774, *3 (E.D. Mich. Nov. 26, 2014) (dismissing case where petitioner had a matter pending in state court); *Davis v. Warren*, No. 13-CV-15215, 2014 WL 186097, *2 (E.D. Mich. Jan. 16, 2014) (same); *Glenn v. Rapelje*, No. 11-CV-12759, 2011 WL 5039881, *2 (E.D. Mich. Oct. 24, 2011) (same); *Humphrey*, 2008 WL 4858091 at *1 (citing *Sherwood*, 716 F.2d at 634).

5

Third, a stay is unnecessary because the one-year statute of limitations applicable to federal habeas actions, 28 U.S.C. § 2241(d), does not pose a concern. Petitioner's probation was revoked on January 8, 2015 and he filed a motion for relief from judgment on February 25, 2015. Thus, the one-year period has not yet begun to run, *see* 28 U.S.C. § 2244(d)(1) (providing that the one-year period does not begin running until the judgment becomes final by the conclusion of direct review or expiration of the time for seeking such review), and will remain tolled while Petitioner pursues a direct appeal and/or has a properly filed application for collateral review pending in the state courts. *See* 28 U.S.C. § 2244(d)(2) (providing that the one-year period is tolled while a properly filed application for state post-conviction or other collateral review pending). Furthermore, assuming that Petitioner has not engaged in intentionally dilatory tactics, he has not shown good cause for failing to exhaust his claims in the state courts before seeking federal habeas relief. The Court also cannot discern whether his unexhausted claims are plainly meritless from his current pleadings. Given such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the habeas petition is appropriate.

**III.   Conclusion**

For the reasons stated, the Court concludes that Petitioner has not exhausted his claims in the state courts, that he has a matter pending in state court concerning the probation revocation at issue, and that a stay of the proceedings is unwarranted. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a).  This case is closed.

**IT IS SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 19, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 19, 2015.

s/Deborah Tofil
Case Manager